**YODER, Cty. Treas., Appellant,**

v.

**MORILO, INC., Appellee.**

[Cite as *Yoder v. Morilo, Inc.* (1997), 119 Ohio App.3d 257.]

Court of Appeals of Ohio,
Fifth District, Holmes County.

No. CA–564.

Decided April 24, 1997.

*Stephen D. Knowling*, for appellant.

*Michael S. McMahon*, for appellee.

READER, Presiding Judge.

The Holmes County Commissioners provide wastewater services to property owned by appellee Morilo, Inc. Appellee uses the property to operate a hotel. Appellee incurred a substantial arrearage for unpaid user fees pursuant to the contract.

The Holmes County Common Pleas Court had previously found that appellee was obligated to pay user fees pursuant to a written contract between appellee's predecessor in interest and Holmes County. However, appellee continued to operate its hotel, and continued to incur delinquent wastewater user fees.

On December 23, 1993, pursuant to R.C. 6117.02(A), the Holmes County Commissioners certified to the auditor unpaid wastewater user fees, including interest, in the amount of $61,588.38. A statutory lien for that amount was placed upon the real property tax list. On October 16, 1995, the Holmes County Commissioners again certified to the auditor the updated unpaid user fees and

interest, in the total cumulative amount of $121,337.53. The original certification contained a principal amount of $31,994.62. The second certification increased the principal to $52,046.57.

Appellant, Joyce Yoder, Holmes County Treasurer, filed a statutory foreclosure action against appellee in the Holmes County Common Pleas Court on August 23, 1995. On January 26, 1996, appellant moved for summary judgment. Attached to the motion was the affidavit of Holmes County Auditor Richard Graven, which contained the amount of the first statutory lien, pursuant to the auditor's records.

Appellee filed for relief under Chapter 11 of the United States Bankruptcy Code on February 1, 1996. The foreclosure action was moved to Bankruptcy Court. By judgment of June 11, 1996, appellant obtained relief from the automatic stay, and the case was remanded from Bankruptcy Court to the Holmes County Common Pleas Court.

After remand, appellant filed a supplemental affidavit of the auditor, containing the updated figures based on the commissioners' second certification, as to principal and interest accrued on the statutory liens.

The trial court granted summary judgment in favor of appellant in the amount of $31,994.62. The court declined to consider the supplemental affidavit, as it was not timely filed pursuant to local rules. Appellant assigns two errors:

"I. The trial court erred by failing to grant appellant/treasurer summary judgment on her lien for unpaid wastewater user fees (O.R.C. 6117.02) in at least the principal amount of said lien being $52,046.57, which amount was not mathematically disputed by defendant/appellee.

"II. The trial court erred in holding as a matter of law that interest cannot be imposed upon unpaid wastewater user fees pursuant to O.R.C. section 6117.02(A)."

I

Appellant argues that the trial court erred in failing to grant summary judgment in the total principal amount of $52,046.57.

Appellant first argues that the trial court erred in failing to consider the supplemental affidavit of Auditor Graven. Civ.R. 56(E) provides that the court may permit affidavits to be supplemented by deposition or by further affidavits. Loc.R. (5)(C)(1)(a) of the Holmes County Common Pleas Court provides that rebuttal memoranda, affidavits, or other supporting documents shall be filed only by prior permission of the court. Loc.R. 5(C)(1)(b) provides that failure to file any document as provided by rule may result in its exclusion by the court.

It is undisputed that appellant filed the supplemental affidavit without seeking prior permission of the court. The trial court did not abuse its discretion in failing to consider the affidavit, which was not filed in accordance with its own local rules.

Appellant next argues that if the trial court intended to exclude the affidavit, the court should have set the issue of the remainder of the claim for trial. Appellant did not request that the issue be set for trial. Appellant's initial motion for summary judgment requested summary judgment for a principal amount of $31,994.62. The court entered summary judgment as requested by appellant. The supplemental affidavit having been excluded, there was no evidence before the court concerning the updated user fees, and thus, no issue remained for trial.

The first assignment of error is overruled.

## II

Appellant argues that the court erred in holding as a matter of law that interest cannot be imposed on the arrearage.

R.C. 6117.02(A) provides:

"When any rents or charges are not paid when due, the board shall certify the same together with any penalties to the county auditor, who shall place them upon the real property tax list and duplicate against the property served by such connection."

We reject appellant's argument that penalties include interest. Had the legislature intended to allow the collection of interest, the legislature would have used the word "interest." The certification to the auditor in the instant case included only finance charges, and did not assess a penalty. Accordingly, the trial court did not err in entering judgment solely on the principal amount of the user fee.

The second assignment of error is overruled.

The judgment of the Holmes County Common Pleas Court is affirmed.

*Judgment affirmed.*

WILLIAM B. HOFFMAN and JOHN W. WISE, JJ., concur.